SILAS JOHNSON *v.* DAVID REES, garnishee of GREEN BRANCH DITCH COMPANY.

A proceeding by *fi. fa.* attachment is subject to the statute of limitations, and for a tax due to an incorporated ditch company from a taxable on the ditch, it will be barred in three years from the assessment and levy

of it, if not otherwise prescribed, or limited by the act incorporating the company, or is revived by the acknowledgment of the taxable within three years before the attachment is laid in his hands.

*Fi. Fa.* Attachment case. Pleas *nulla bona*, and the statute of limitations. The plaintiff had a judgment in this court against the company on which he had sued out an execution attachment, and which had been laid in the hands of the garnishee who was due the company a tax levied in the year 1867, a part of which he had paid in 1868 to the collector of the company, but when applied to by him for the balance in October 1870, replied that it was not convenient for him to pay it, that he had no money. The attachment was laid in his hands September 11th 1873.

*Spruance*, for the defendant. The tax was barred by the general act of limitations, as it was assessed and was originally payable about five years before the attachment was laid; and there was no such an admission of it, or of any part of it by the defendant within that time, as a still subsisting demand against him, as would take it out of the operation of the statute.

*Cummins*, for the plaintiff. Technically speaking this is not an action, but if it may be so considered, it is not such an action as is any where named and provided for in the statute of limitations. If, however, it is to be considered as an action, is it not to be regarded in the nature of an action of debt on a record or specialty, or something of that nature? For the assessment of the tax was not only a formal and legal proceeding provided for in the statute incorporating the ditch company, but it is in writing, and there is, at least, a corporate record of it. It never existed as a matter of contract between the company and the taxable, and does not depend on any promise of the defendant, either express or implied by law to pay it; but is an obligation imposed on him by statute, and the corporate proceedings had in pursuance of it. If, however, the three years limitation of the general act of limitations original-

76

ly applied to it, then the defendant's voluntary payment of a part of it in 1868, and his reply to the demand of the collector for the balance of it, October 1870, would take it out of the operation of even that provision of the statute.

*The Court, Gilpin, C. J., charged the jury,* that the tax in question was such a demand as would be barred in this proceeding to recover it by a creditor of the company, after three years from the assessment and levy of it, under the general act of limitations, as the statute incorporating the company prescribed no time for the payment, or limitation for the recovery of it, provided there had been no admission or acknowledgment made by the defendant within the three years next preceding the 11th day of September 1873, when the attachment was laid in his hands, that the balance of it was still a subsisting and valid demand against him, proved to their satisfaction in the case; but if there had been such an admission or acknowledgment made by the defendant within that time proved to their satisfaction, it would take the case out of the operation of the statute of limitations, and the plaintiff would be entitled to recover the balance of it.

The plaintiff had a verdict.